IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SKF USA INC.

      Plaintiff,      : Case No. 08 CV 4709

v.             : Judge Moran

DALE H. BJERKNESS, KEVIN KOCH, : Magistrate Judge Denlow
JOSEPH J. SEVER, and WALTER
REMICK, JR.,

      Defendants.

### AGREED PROTECTIVE ORDER

This matter having come before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of a protective order governing the use and disclosure of confidential information in this matter. It appears to this Court that good cause exists to enter this Order.

IT IS HEREBY ORDERED that:

1.  This Agreed Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory answers, responses to requests to admit and other written, electronic, recorded or graphic material ("Discovery Material") produced by or obtained from any party or other person from whom Discovery Material may be sought (the "Producing Party") during the proceedings in this action.

2.  Any Producing Party may designate as "CONFIDENTIAL" any non-public Discovery Material that counsel for the Producing Party has determined in good faith contains, reflects or reveals: (a) "trade secret" information within the meaning of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, or (b) proprietary, confidential information that has current

applicability to the Producing Party's business operations and more likely than not would cause competitive harm to the business operations of the Producing Party if revealed to competitors, including but not limited to: (i) business/strategic plans, (ii) methods of doing business, (iii) valuation methods, computer programs, business ideas, (iv) billing procedures, (v) pricing and commission data, (vi) client names and lists, (vii) client needs and requirements, (viii) client servicing methods, (ix) prospective client lists, (x) employee training and testing documents, and (xi) confidential client data.

3. Designations shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information or document shall be CONFIDENTIAL under this Agreed Protective Order.

4. Documents and information to be designated CONFIDENTIAL shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information designated as confidential information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and (d) deposition testimony designated in accordance with Paragraph 5 below.

5. Deposition transcripts, or portions thereof, may be designated as subject to this Agreed Protective Order either (a) during the deposition or (b) by written notice to the reporter and all counsel of record, given within ten (10) days after the deposition transcript is received by the designating party. For testimony designated as confidential information, the designating party shall have the right to exclude from a deposition before the taking of the designated

be bound by this Agreed Protective Order by signing an agreement in the form attached hereto. Immediately following the deposition, such witness must return all confidential documents and copies thereof to the Producing Party.

10. No Confidential Discovery Material or any portion of papers containing reference to such Discovery Material shall be filed with the Court without prior order of the Court specifying the particular document to be filed, or pursuant to the provisions of Northern District of Illinois Local Rule 26.2(d). No Confidential Discovery Material shall be filed with the Court other than in a standard sealed enclosure that conspicuously states on the face of the enclosure the attorney's or party's name and address, including e-mail address if the attorney is registered as a Filing User of electronic case filing, the caption of the case, and the title of the document. The enclosure shall also contain a statement substantially in the following form:

### CONFIDENTIAL

This envelope contains documents that are subject to an Agreed Protective Order entered by the Court in *SKF USA Inc. v. Bjerkness*, No. 08 CV 4709, governing the use of confidential discovery material.

All such Discovery Material to be filed shall be maintained by the Clerk of Court separate from the public records in this action and shall be released only upon further order of the Court. Redacted pages shall be filed in the public record. After the case is closed in the District Court, the parties may obtain the return of any previously sealed or restricted documents by a motion filed within 60 days. Any documents that are not so withdrawn will become part of the public case file.

11. This Agreed Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall any party or interested member of the public be precluded from claiming that any

matter designated hereunder is not entitled to the protection of this Agreed Protective Order; from applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Agreed Protective Order; or from applying for an Order modifying this Agreed Protective Order in any respect.

12. If a party objects to the designation of particular materials as CONFIDENTIAL on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information or other things, the following procedure shall be utilized:

    (a) The objecting party shall give counsel of record for the Producing Party written notice thereof, specifying the document, information or other things as to which an objection is asserted and the reasons for the request;

    (b) If the parties cannot reach agreement concerning the matter within two (2) days after the delivery of the written notice, then the objecting party may, within five (5) days thereafter, file and serve a motion with the Court seeking a court order that the materials are not CONFIDENTIAL within the meaning of the Agreed Protective Order. The designated materials shall continue to be CONFIDENTIAL until determined to be otherwise by order of the Court or by agreement of the parties.

13. During trial or an evidentiary proceeding in this action, Discovery Material designated as Confidential may be offered into evidence and retained by the Court. The Producing Party may apply to the Court to allow such Discovery Material to keep its confidential status notwithstanding such use.

14. Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return within 60 days all designated material, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain or constitute attorney's work product may be destroyed rather than returned, and outside counsel may retain copies of pleadings and materials that are of record in the litigation subject to the

confidentiality provisions of this Agreed Protective Order. Within 21 days after destruction or return, the receiving party shall certify in writing its compliance with this paragraph.

15. Nothing in this Agreed Protective Order affects the right of the party that designated information produced in this action, including all designated deposition testimony, interrogatory answers, documents and other discovery materials, to use or disclose such information in any way.

16. This Agreed Protective Order shall be without prejudice to the right of any party to oppose disclosure of any document or information for any reason other than confidentiality.

17. The termination of this action shall not terminate the directives of this Agreed Protective Order.

18. This Agreed Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties or by further order of the Court.

19. In accordance with Northern District of Illinois Local Rule 26.2(b), the identities of the persons who are to have access to Confidential Discovery Material are set forth in paragraph 8 of this Agreed Protective Order, and instructions for the disposition of Confidential Discovery Material are set forth in paragraph 10 of this Agreed Protective Order.

ENTERED: Sept 3, 2008

_____
Judge James B. Moran

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SKF USA INC. | |
| Plaintiff, | Case No. 08 CV 4709 |
| v. | Judge Moran |
| DALE H. BJERKNESS, KEVIN KOCH, JOSEPH J. SEVER, and WALTER REMICK, JR. | Magistrate Judge Denlow |
| Defendants. | |

**DECLARATION**

The undersigned, under penalty of perjury, declares as follows:

1. My full name and address is:

   _____

   _____

   _____

2. Prior to receiving any documents and information designated as "CONFIDENTIAL" in the above-captioned action, I was provided with a copy of the attached Agreed Protective Order, which I have read and fully understand.

3. I received access to the confidential information in my capacity as (secretary, expert, consultant, etc.) _____.

4. I received access to this confidential information from

   _____

5.   I agree to be bound by the terms of the Agreed Protective Order and to submit to the jurisdiction of this Court with respect to the enforcement of the Agreed Protective Order.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: _____, 2008

_____